Tilghman C. J.,
after stating the facts, delivered the opinion of the Court.
The plaintiffs contend, that this ground, being appropriated for the public use, could not be leased to any one person;—that if alease may be made for ten years, it may be made for an hundred, and thus the inhabitants deprived of the benefit of it.—<If it had been the object of Rees Cadwalader, that the ground should be kept open for the purpose of a public walk for the inhabitants, the lease in question would have been a misappropriation. But such was not the intent. The ground was to be improved in such manner as the inhabitants should think fit. It is a water lot, the best improvement of which would be, the making of wharves, and the erection of warehouses, which might yield profit to the inhabitants, besides affording them a landing for their common benefit. These improvements could not be made without money, and it became a question, whether it was best to raise the money by tax on the inhabitants, or by making a lease of part of this common property for a limited time.— The inhabitants thought that a lease was preferable to a tax, and I cannot see any thing contrary to the intent of the donor, in a lease, provided the length of time was not unreable.—The land could not be sold, nor could it be leased for such a time, as in fact -would almost amount to a sale of the fee simple; a term of one hundred years for instance, or even for a much less time. The reasonableness of the time would be a question for the decision of the Court and jury. In the present instance, the necessary consent of a majority of the inhabitants was obtained, and the mode which they have thought proper to adopt, of raising a fund for the erection of a building, which will be a manifest improvement of the common property, will not deprive the inhabitants of the use of that part which is leased, except for a short time, after which it will be restored, increased in value. In fact they cannot be said to be deprived of the use of it at all, for the agreement of the defendant to erect this building, is in nature of a rent, to be received by the inhabitants at the expiration of the term. In what manner can they enjoy the benefit of ground of this kind, better, than by building a warehouse, which will produce a rent, that may be applied to purposes of common advantage, or which may be kept in *214 their own hands for their common use? It appears to me that this lease was not a violation of the appropriation made by Rees Cadwalader, and therefore the judgment of the Court of Common Pleas should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.